**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

Gold & Levy, Inc., d/b/a Rosseto )
)
                          *Plaintiff* )
)
            vs. )        Civil Action No._____
)
Cal-Mil Plastic Products, Inc. d/b/a )
Cal-Mil, a California Corporation, )   Judge
Ideas Development Manufacturing, Ltd. )   Magistrate Judge
d/b/a IDM, an Israeli Corporation; )
)
) Jury Trial Demanded
)
                    *Defendants*. )

## COMPLAINT

Gold & Levy, Inc., d/b/a Rosseto (referred to as "Plaintiff" or "Rosseto"), for its Complaint against Cal-Mil Plastic Products, Inc., a California Corporation ("Cal-Mil"), and Ideas Development Manufacturing, Ltd. d/b/a IDM, an Israeli Corporation ("IDM")(Cal-Mil and IDM together are referred to as "Defendants"), states as follows:

## ALLEGATIONS COMMON TO ALL COUNTS

### Nature and Statutory Basis for Action

1.      This is an action for (1) violation of Section 32 of the Lanham Act (Trademark Infringement) as provided for by 15 U.S.C. § 1114; (2) violation of Section 43(a) of the Lanham Act (False Designation of Origin) as provided for by 15 U.S.C. § 1125(a); (3) Trade Dress Infringement under Section 43(a) of the Lanham Act as provided for by 15 U.S.C. § 1125 (a); (4) Copyright Infringement under 17 U.S.C. § 101 *et seq.*; (5) violation of the Illinois Uniform Deceptive Practices Act as provided for by 815 ILCS § 510/1 *et seq.*

1

**The Parties**

2.     Plaintiff, Gold & Levy, Inc. is an Illinois Corporation, doing business as Rosseto, with its principal place of business in Lincolnwood, IL.

3.     Rosseto is in the business of producing high quality products for the food service and hospitality industry.

4.     Rosseto is responsible for developing, designing, manufacturing, advertising, marketing, importing, exporting and selling various lines of houseware products such as countertop and wall mount cereal and dry food dispensers, beverage dispensers, serving sets, glassware, buffet stands, and other food service products.

5.     Defendant Cal-Mil Plastic Products, Inc. d/b/a Cal-Mil, is a California Corporation with its principal place of business at 4079 Calle Platino, Oceanside, CA 92056.

6.     Cal-Mil is in the business, among other things, of selling countertop and wall mount cereal and dry food dispensers and other houseware products.

7.     Cal-Mil is a competitor of Rosseto in the sale of countertop and wall-mount cereal and dry food dispensers.

8.     Cal-Mil, currently and has in the past, advertises and sells it's products in Illinois via the internet.

9.     Cal-Mil currently and has in the past, transacts business in the State of Illinois, particularly in Cook County and within this judicial district.

10.     Ideas Manufacturing, Ltd. d/b/a IDM, is a corporation organized and existing under the laws of the State of Israel with its principal place of business at Rehov Harishonim 1, 40696 Ein Vered, Israel.

2

11.     IDM manufactures, imports, offers to sell and sells a line of countertop and wall mount dry food dispensers in the United States.

12.     IDM supplies dry food dispensers to Cal-Mil for sale to customers in the United States.

13.     IDM, currently and has in the past, advertises and sells its products in Illinois via the internet, and transacts business in the State of Illinois, particularly in Cook County and within this judicial district.

### Jurisdiction and Venue

14.     This Court has subject matter jurisdiction under 15 U.S.C. § 1121 (all actions arising under the Lanham Act), 28 U.S.C. § 1331 (federal question), and 28 U.S.C. § 1338(a) and (b) (copyright, trademarks and unfair competition).

15.     This Court has supplemental jurisdiction over the Illinois state law claim in Count V under 28 U.S.C. § 1367(a).

16.     This Court has personal jurisdiction over Defendants under 735 ILCS § 5/2-209(a)(1) because Defendants transact business within Illinois, and under 735 ILCS § 5/2-209(a)(2) because Defendants committed tortious acts within Illinois.

17.     This Court also has personal jurisdiction over Defendants pursuant to 735 ILCS § 5/2-209 (b)(4), because Defendants, individually and together, do business within Illinois.

18.     Venue is appropriate in this district under 28 U.S.C. § 1391(b) and 28 U.S.C. § 1400 because this is a civil action founded on federal question jurisdiction, the Defendants routinely transact business in this jurisdiction, the Defendants have committed acts of infringement in this

jurisdiction, and a substantial part of the events giving rise to the claims occurred in this judicial district.

19.     Rosseto, through its principal owners and predecessors in interest, has been engaged in the houseware products business since 1996, primarily developing, producing and selling houseware products throughout the world. since 1996.

## GENERAL ALLEGATIONS

20.     Beginning in 1996, Gil Gold and Tamir Levy, the principals owners of Rosseto, started a housewares business in Israel under the trade name Golden Marketing.

21.     By 2002 they had built its business from nothing to one of Israel's best known housewares businesses.

22.      Messrs. Gold and Levy, through Golden Marketing established its housewares business and bought and sold products ranging from blenders, toasters and cookware to serving sets, china and sushi sets, and bath accessories.

23.     In 2003, Messrs. Gold and Levy immigrated to the United States to establish their business and began selling a line of cereal dispensers in the United States.

24.     In 2005, Gold & Levy, Inc. was established as an Illinois corporation to continue the work first established by the principal owners of the business in Israel.

25.     Success in the housewares business requires extensive travel to locations throughout the world.  Plaintiff, in development of its business, traveled throughout North America, Europe and Asia, visiting manufacturers, exporters, importers, distributors, trade companies and mold makers established valuable contacts, and identified sources for the design, manufacture and delivery of those houseware products.

4

26.    Throughout the period since 1996, the principals of Plaintiff designed and developed new products, created strategic marketing plans, attended and exhibited their goods at international trade shows, established sales outlet, created a distribution network and imported, supplied and delivered their goods to a wide range of customers, from smaller retail stores to large chain and retail department stores, major hotel chains, food service providers, food franchise servicers and mail order catalogs. Plaintiff has established houseware and serving solution business contacts in China, Japan, North America, Central and South America, Europe and Australia.

27.    As a result of effort and expenditure of capital, Plaintiff acquired valuable expertise, business know-how and the identity of reliable sources for the innovative design, development, manufacture, advertising and supply of the company's houseware goods to customers.

28.    Plaintiff over the past 21 years, has designed and developed a broad line of innovative and uniquely designed products, and worked with designers, graphic artists, engineers and the like to build prototypes, design and engineer manufacturing molds and specialty packaging for the production, packaging, shipment and delivery of its innovative products.

29.    Plaintiff is recognized as an expert in the housewares business, and operates under the unique *Rosseto Serving Solutions*™ brand identity.

30.    As a result of this tremendous exposure, industry recognition and public praise the Rosseto brand has acquired brand recognition and enormous goodwill as extremely valuable assets of Rosseto.

31.    As a result of its product design and development efforts, the Rosseto brands have become known worldwide for their quality, reliability and design characteristics. Rosseto's design

focused solutions and functional products have been widely accepted in the retail, commercial hospitality and food service industries.

32.     Since 2006, Plaintiff has continuously used the trademark EZ-SERV® in connection with the sale and marketing of its countertop and wall-mounted cereal and dry food dispensers, and food storage containers.

33.     Plaintiff's reputation in the industry has grown since they began using that mark, and by reason of Plaintiff's continuous use, sales and marketing effort over the past 10 years, the EZ-SERV mark is now well known, and is associated with Plaintiff as the source of origin for these unique goods.

34.     The EZ-SERV trademark is registered on the Principal Register of the US Patent Trademark Office, Registration No. 3,327,663. (Exhibit A)

35.     The EZ-SERV registration No. 3,274,665 is incontestable under 15 USC § 105.

36.     Since 2009, Plaintiff has continuously used the trademark EZ-PRO® in connection with the sale and marketing of its countertop and wall-mount cereal and dry food dispensers and food storage containers.

37.     Plaintiff's reputation in the industry has grown since they began using that mark, and by reason of Plaintiff's continuous use over the past 7 years, the EZ-PRO mark is now well known, and is associated with Plaintiff as the source of origin for these unique goods.

38.     The EZ-PRO trademark is registered in the United States Patent and Trademark Office Registration No. 5,080,273. (Exhibit B).

39.     Over the years, Rosseto has spent a considerable amount of money in establishing the EZ-PRO and EZ-SERV trademarks in the minds of customers as a source of high quality cereal and dry food dispensers and food storage containers.

40.     In the past 10 years, Rosseto has spent more than two million dollars at trade shows, catalogue production, advertising and marketing of their products under those brand identities. As a result of Rosseto's efforts a substantial market for cereal and dry food dispensers has been created in the United States. Prior to Rosseto's entry in to the U.S. market, there were few, if any, cereal or dry food dispensers of the Rosseto style and design sold in the United States.

41.     The marks EZ-PRO and EZ-SERV have become associated in the minds of purchasers with Rosseto as a highly reputable provider of cereal and dry food dispensers and food storage containers.

42.     Rosseto's goods have come to enjoy the benefit of an ever increasing goodwill associated with Rosseto through its continuous use of the EZ-PRO and EZ-SERV trademarks.

43.     Defendants have now taken the distinctive portions of Plaintiffs' mark, naming the words PRO and SERV, to market and sell a line of confusingly similar dispenser products under the brand PRO SERV.

44.     Defendants, together and individually, have distributed sales literature in the form of internet advertisements to its customers that indicate that Cal-Mil and IDM are a source of cereal and dry food dispensers with the mark PRO SERV.

45.     A true and correct copy of the Defendant IDM's website advertisement showing the PRO SERV mark is attached hereto as Exhibit C.

## COUNT I
### Violation of the Lanham Act
### 15 U.S.C. 1114
### Trademark Infringement

1-45.    Plaintiff repeats and realleges Paragraphs 1 through 45 of the Allegations Common to all Counts as Paragraphs 1through 45 of this Count I.

46.    The EZ-SERV and EZ-PRO trademarks are actively used by Rosseto in the promotion, advertisement and sale of countertop and wall mount cereal and dry food dispensers and food storage containers.

47.    In 2016, Defendants announced their partnership and began advertising and selling competing goods in interstate commerce and within the State of Illinois.(Exhibit D www.youtube.com/watch?v=Hk-PAcjAdXM)

48.    Defendants' use combines the distinctive elements of Rosseto's registered marks, PRO and SERV, for use in connection with similar products.

49.    Defendants Cal-Mil and IDM use the PRO SERV mark on or in connection with goods sold in Illinois.

50.    For example, a cereal dispenser bearing the PRO SERV trademark was advertised for sale on both Cal-Mil and IDM websites, and on display during the National Restaurant Association trade show at McCormick Place in 2016. (Exhibit E)

51.    The use of the PRO SERV trademark by Defendants on or in connection with their goods is likely to cause confusion or mistake, or deceive product buyers and consumers as to the source and origin of their goods.

52.    Product buyers and consumers who purchase PRO SERV marked goods are likely to believe that there is some connection, affiliation or association between Defendants and Plaintiff.

53.     Product buyers and consumers are likely to believe that by using the PRO SERV mark, they are doing business with or affiliated and sponsored by Plaintiff.

54.     Plaintiff has no control over the quality of the goods sold by the Defendants, and the goodwill associated with the EZ-PRO and EZ-SERV marks is, therefore, diminished.

55.     The use of the PRO SERV mark by the Defendants in their print and internet advertising and trade shows is likely to cause mistake and deception of consumers as to the source and origin of their goods by suggesting sponsorship or affiliation with Plaintiff.

56.     The Defendants' infringement of the Plaintiff's marks has been willful and deliberate, designed specifically to trade upon the enormous goodwill associated with Plaintiff's trademarks.

57.     The goodwill associated with the Plaintiff's marks is of enormous value to the Plaintiff, and the Plaintiff will suffer irreparable harm should such infringement be allowed to continue to the detriment of its reputation and goodwill.

58.     Defendants' infringement will continue unless enjoined by this Court.

59.     Plaintiff has not authorized Defendants to use PRO SERV in connection with Defendants' goods and/or business activities.

60.     Because Defendants have used Plaintiff's marks without permission and otherwise violated 15 U.S.C. § 1114 without regard to Plaintiff's rights, Plaintiff is entitled to recover its damages, costs, and Defendants' profits, pursuant to 15 U.S.C. § 1117(a).

61.     Because Defendants willfully and deliberately misused Plaintiff's marks and otherwise violated 15 U.S.C. § 1114 without regard to Plaintiff's rights, Plaintiff is entitled to recover treble damages and its attorney's fees pursuant to 15 U.S.C. § 1117(b).

WHEREFORE, Plaintiff prays this Court will enter judgment in its favor and against Defendants, jointly and severally, on this Count I and grant the following relief:

a.      That this Court enter an Order  permanently enjoining directing Defendants from using PRO SERV mark in connection with their business activities and barring all sales of products bearing the PRO SERV trademark;

b.      That this Court Order Defendants to account for and retrieve and recover all documents, products, packaging bearing the PRO SERV trademark for disposition under 15 U.S.C. § 1118.

c.      That this Court award Plaintiff its damages pursuant to 15 U.S.C. § 1117;

d.      That this Court award Plaintiff enhanced damages under 15 U.S.C. § 1117 for Defendants' willful and deliberate infringement of Plaintiff's trademarks.

e.      That this Court award Plaintiff attorney's fees and costs in light of the willful and deliberately infringing acts of Defendants pursuant to 15 U.S.C. § 1117; and

f.      That this Court award Plaintiff such other relief as it deems necessary and just.

## COUNT II
### Violation of Lanham Act
### 15 U.S.C. 1125(a)(1)(A)
### False Designation of Origin

1-61.    Plaintiff repeats and realleges Paragraphs 1 through 61 of Count I, inclusive, as Paragraphs 1through 61 of this Count II.

62.      15 U.S.C. § 1125(a)(1)(A) provides as follows:

Any person who... on or in connection with any goods,...uses in commerce any word, term, name...or any combination thereof,...or any false or misleading description of fact, or false or misleading representation of fact, which-

(A)     is likely to cause confusion, or to cause mistake, or to deceive as to affiliation, connection or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person....

shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such an act.

15 U.S.C. § 1125(a)(1)(A).

63.     Defendants' use of the PRO SERV trademark in advertisements and on www.calmil.com and www.IDM-dispenser.com and www.food-dispensers.com websites constitutes a false designation of origin under section 43(a) that is likely to confuse, and has confused customers and prospective customers into believing that Defendants' goods are those of Plaintiff, or are connected with, sponsored by or approved by the Plaintiff.

64.      Plaintiff has no control over the nature and quality of the goods sold by Defendants.

65.     Any failure, neglect or default by Defendants in providing high quality goods will reflect adversely on Plaintiff as the believed source of origin thereof, hampering efforts by Plaintiff to continue to protect its outstanding reputation for high quality goods, and resulting in the loss of the considerable expenditures Plaintiff made to develop and sell its goods under the EZ-SERV and EZ-PRO marks, all to the irreparable harm of Plaintiff.

66.      Defendants' false designation of origin will continue unless enjoined by this Court.

WHEREFORE, Plaintiff prays this court will enter judgment in its favor and against Defendants, jointly and severally, on this Count II and grant the following relief:

a.     That this Court enter an Order  permanently enjoining Defendants from using PRO SERV or any confusingly similar mark in connection with the sale of cereal and dry food dispensers, and barring all sales of products bearing the PRO SERV or any confusingly similar trademark; and;

11

b.      That this Court order Defendants to account for and retrieve and recover all documents and products bearing the PRO SERV trademark for disposition under 15 U.S.C. § 1118.

c.      That this Court enter a judgment in favor of Plaintiff and against Defendants, jointly and severally, for Plaintiff's damages; and

d.      That this Court award Plaintiff enhanced damages under 15 U.S.C. § 1117 for Defendants' willful and deliberate infringement of Plaintiff' trademarks; and

e.      That this Court award Plaintiff's attorney's fees and costs in light of the willful and deliberate infringing acts of Defendants pursuant to 15 U.S.C. § 1117; and

f.      That this Court award Plaintiff such other relief as it deems necessary and just.

<b><u>COUNT III</u></b><br><b><u>Trade Dress Infringement</u></b><br><b><u>Section 43(a) of the Lanham Act</u></b>

1-66.   Plaintiff repeats and realleges Paragraphs 1 through 66 of Counts I and II as Paragraphs 1 through 66 of this Count III, against Defendants pursuant to Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

67.     Founded in 2005, Rosseto has become one of the nation's leading designers, manufacturers and sellers of houseware and food service products, including dry food dispensers, food storage containers, buffet display and service products, display and service cases, food presentation stands and risers, glassware and food service utensils.

68.     Rosseto has developed various distinctive lines of food service product designs that become uniquely associated with it. One such collection is its cereal and dry food service dispensers and food storage containers shown in the pages from Rosseto 2011-2012 Catalogue (Exhibit F).

69.     Rosseto's unique trade dress includes its curved clear containers, fashionable handles,

brushed stainless serving neck and stainless steel and wood base materials.

70.     Rosseto has added a unique line of food service displaces such as the SWAN® shown in Exhibit G, a photo from Rosseto 2013-2014 Catalogue.

71.     Rosseto has enjoyed tremendous success and earned accolades for the designs of many of its products, especially its dry foods dispensers and food containers.

72.     Rosseto products have been displayed and used at major events such as the 2016 Golden Globe Awards Banquet and Super Bowl 50.

73.     Rosseto's product designs are distinctive and have received praise and accolades from customers such as Marriott Corporation, Walgreens and Wolfgang Puck.

74.     As a result of this tremendous exposure, recognition and public praise the Rosseto brand trade dress and the goodwill it represents have acquire secondary meaning with purchasers and consumers of the products and are extremely valuable assets of Rosseto.

75.     Cal-Mil has begun advertising, marketing and selling a line of cereal and dry food dispensers manufactured and imported by IDM.

76.     Specifically Cal-Mil has been marketing and selling dispensers having the appearance and properties uniquely associated with the Rosseto trade dress. (Exhibit H)

77.     IDM markets and sells dispensers having the same or similar appearance as Rosseto trade dress on, among other things, its online store. (Exhibit I)

78.     Cal-Mil and IDM have intentionally adopted confusingly similar trade dress in order to trade off on Rosseto's goodwill and obtain sales of products that they otherwise would not have. Defendants have known of Rosseto's products for many years.

79.     Defendants' actions demonstrate an intentional, willful and bad faith intent to trade

13

off the goodwill associated with Rosseto's cereal ad dry food dispenser trade dress.

WHEREFORE, Plaintiff prays this Court will enter judgment on this Count IV in its favor and against Defendants, jointly and severally, on this Count III and grant Plaintiff one or more of the following relief:

a.     That this Court grant a permanent injunction against Defendants and all those in connection or participation with them from using Rosseto's dispenser trade dress in connection with the sale of their products.

b.     That this Court award Rosseto its damages, attorneys fees and costs.

c.     That this Court grant such other relief as the Court deems proper and just.

### COUNT V
### Copyright Infringement Against Defendant, IDM

1-79.   Plaintiff incorporates the allegations of paragraphs 1-79 above and its allegations 1-79 of this Count IV for Copyright Infringement against Defendant, IDM.

80.     The Plaintiff Rosseto owns all rights, title and interests in a certain photograph first published in September 1, 2011 (Exhibit J).

81.     On November 18, 2013, Rosseto received a Certificate of Copyright Registration VA 1-896-517 for that photographic work entitled Ice Cream Topping Dispensers (Exhibit K).

82.     The Plaintiff Rosseto owns all rights, title and interests in a certain photograph first published in September 1, 2011 (Exhibit L).

83.     On November 18, 2013, Rosseto received a Certificate of Copyright Registration VA 1-896-515 for that photographic work entitled Ice Cream Topping Dispensers (Exhibit M).

14

84.     IDM has copied and published on its website the photograph attached as Exhibit N. That photograph unlawfully copies both the copyrighted images shown in Exhibits J through M above.

85.     After the copyright certificate was issued for the work shown in Exhibits J through M, Defendant, IDM infringed that copyright by copying and publishing the photograph on the IDM Website. A copy of the IDM Website page displaying both copyrighted photographs is attached as Exhibit N.

86.     Additional photographs of Rosseto products in various commercial settings that are owned by Rosseto appear on the website of IDM at www.idm-dispenser.com/category/gallery (See Group Exhibit O).

87.     Rosseto remains the sole owner of the copyrights in all of those photographic works.

88.     Since 2011, the Plaintiff has published one or more of the photographs identified above on its website, www.rosseto.com, and/or one or more of its product catalogs.

89.     In or about 2013 and at all times relevant, Defendant IDM owns and has owned the internet domain universal record locators www.idm-dispensers.com and www.food-dispensers.com. (the "IDM Websites").

90.     In or about 2013 and at all times relevant, IDM controls and controlled the content posted on or both of the IDM Websites.

91.     In or about 2013 and at all times relevant, IDM selected photographs to be used on the IDM Website.

92.     Plaintiff notified Defendant in writing of the infringement in 2013.

93.     Defendant has infringed and continues to infringe the Plaintiffs' copyright by publishing and displaying the works in violation of the copyright, and further has engaged in unfair trade practices and unfair competition in connection with the publication and use of the infringing works.

WHEREFORE, the Plaintiffs requests that this Court enter judgment on this Count IV in favor of Plaintiff and against Defendant, IDM, and enter an Order:

a.     Permanently enjoining Defendant, IDM, and all those in concert or participation with them from copying, publishing, displaying and otherwise violating Plaintiffs' exclusive rights under 17 U.S.C. § 106(1)-106(5).

b.     Awarding Plaintiff actual and/or statutory damages pursuant to 17 U.S.C. §504.

c.     Requiring Defendant to account for and pay as damages all profits and advantages gained from the infringement, unfair trade practices and unfair competition through use and publication of the infringing work.

d.     Requiring Defendant, IDM, to deliver to Plaintiffs for impoundment and destruction of all copies of infringing work, and all electric files containing the infringing work.

e.     Requiring Defendant, IDM, to pay Plaintiffs, interest, costs and reasonable attorney's fees pursuant to 17 U.S.C. §505.

f.     Awarding Plaintiffs such other relief as proper and just.

**COUNT V**
**Violation of the Illinois Uniform Deceptive**
**Trade Practices Act 815 ILCS 510/1 _et seq_.**

1-93.    Plaintiff repeats and realleges Paragraphs 1 through 93 of Counts I, II, III and IV as Paragraphs 1 through 93 of this Count V against Defendants.

94.    The Illinois Uniform Deceptive Trade Practices Act, 815 ILCS 510/2 provides as follows:

A person engages in a deceptive trade practice when, in the course of his business, vocation or occupation, [the person]:

(2)    causes likelihood of confusion or of misunderstanding as to the source, sponsorship, approval, or certification of goods; or

(3)    causes likelihood of confusion or of misunderstanding as to affiliation, connection or association with or certification by another; or

(5)    represents that goods or services have sponsorship, approval, ... that they do not have or that a person has a sponsorship, approval, status, affiliation or connection that he does not have; or

(8)    disperses of goods, services or business of another by false or misleading representations of fact; or

(12)    engages in any other conduct which similarly creates a likelihood of confusion or of misunderstanding.

815 ILCS § 510/2. A violation of this section is also an unlawful practice under Section 2 of the Illinois Consumer Fraud Act 815 ILCS § 505/2.

95.    Plaintiffs' photographs, copyrighted photographs, unique product designs and configurations and trademarks constitute Rosseto's valuable Intellectual Property.

96.    Defendants have use and currently use copyrighted photographs of Plaintiffs' products, use product designs and configurations that adopt Plaintiffs' product trade dress, and use the PRO SERV mark in the promotion and sale of cereal dispensers, dry good dispensers and food container products in Illinois.

97.    Plaintiff has not authorized Defendants to those indicia of origin in connection with Defendants' business activities and products.

98.    In using the Intellectual Property of the Plaintiffs, Defendants have engaged and continue to engage in a deceptive trade practice as defined by Illinois statutory law.

99.    Defendants represent to the customer and the consuming public that its products are a result of an exceptional international reputation earned from experience in the housewares business since 1996.

100.    These representations are false and/or misleading given that on information and belief, Defendants' advertising sale of those products in the United States began only in 2016.

101.    Statements made through IDM's distribution in partnership of Cal-Mil, printed marketing materials and the IDM Website which incorporated Rosseto photographs, confusingly similar designs and brand name are intended to induce consumers and other purchasers to rely on those representations in the purchase of IDM and Cal-Mil products.

102.    As a result, consumers, Plaintiff's customers and other individuals in the market for goods of the type provided by Plaintiff are led to believe that Defendants' goods originate from, or are associated with, sponsored or approved by, the Plaintiff.

103.    Despite knowledge of Plaintiff's ownership and rights, Defendants have misrepresented the facts of their experience in the marketplace and willfully, and with reckless disregard for the Plaintiff's rights, refused to stop its misrepresentations, their use of the protected, identifiable intellectual property in connection with their commerce, trade and business activities.

104.    Beginning in or about April 2016, Cal-Mil and IDM made false and misleading representations of fact to a Rosseto distributor and a Rosseto customer, stating that IDM had sued

Rosseto for patent-infringement, and that as a part of the settlement Rosseto had granted IDM rights to products similar to Rosseto's products in the United States.

105. The statements made by Cal-Mil and IDM were false, misleading and intended to deceive Rosseto's customers and distributors.

106. Actual confusion in the marketplace has occurred as at least one Rosseto customer has questioned the origin of goods being advertised by a Rosseto distributer, and another customer incorrectly believing a defective IDM product originated with Rosset when infact it did not.

107. The statements made by Cal-Mil and IDM to Plaintiffs' customers, distributors and potential customers was done with the intent of interring with the Plaintiffs' prospective economic advantage, and constitute unfair competition.

108. On information and belief, Cal-Mil and/or IDM provided incomplete documentation to the distributor and a Rosseto customer in an effort to mislead the customer and distributor into believing Cal-Mil and IDM had the right to sell dispensers which infringe Rosseto patents and trademarks.

109. Cal-Mil and IDM's actions and statements constitute deceptive trade practices under 815 ILCS § 510/2, subsections 2, 3, 5, 8 and 12.

110. As a direct and proximate result of the Defendants' willful and unlawful acts of unfair competition, Defendants have interfered with Plaintiffs' prospective economic advantage, Plaintiff has been damaged, and the Defendants have been unjustly enriched.

111. Because of the willful and deliberate nature of the Defendants' violations, the Plaintiff is entitled to recover its attorney's fees in the prosecution of this claim pursuant to 810 ILCS § 505/10a.

112.    Unless enjoined by this Court, Defendants' wrongful acts will continue.

WHEREFORE, Plaintiff prays for the following relief against the Defendants Cal-Mil and IDM:

a.    That this Court enter a permanent injunction directing Defendants to cease using Rosseto's Intellecturual Property in connection with its sale and advertisement of cereal and dry food dispensers and/or their business activities pursuant to 815 ILCS § 510/3;

b.    That this Court order Defendants to account for all sales and retrieve all documents, advertisements, labels, packaging and products bearing the PRO SERV trademark or adopting any of Rosseto's Intellectual Property for disposition by further order of Court.

c.    That this Court enter a judgment in favor of Plaintiff and against the Defendants for Plaintiff's actual damages pursuant to 815 ILCS § 505/10(a);

d.    That this Court award Plaintiff its attorney's fees and costs in light of the willful and deliberately deceptive acts of Defendants pursuant to 815 ILCS § 510/3; and

e.    That this Court award Plaintiff such other relief as it deems necessary and just.

## Jury Demand

Plaintiff demands a trial by jury.

Gold & Levy, Inc. d/b/a/ Rosseto

/s/ William L. Niro
William L. Niro
Christopher W. Niro
NIRO LAW GROUP, LLC
135 S. LaSalle St., Suite 3025
Chicago, IL 60603
(312) 767-2086
*Attorneys for Plaintiff*